DAVID ALLEN RAKER AND HARRIET LEE RAKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raker v. Commissioner
Docket No. 6805-81.
United States Tax Court
T.C. Memo 1982-550; 1982 Tax Ct. Memo LEXIS 184; 44 T.C.M. (CCH) 1195; T.C.M. (RIA) 82550; September 23, 1982. *184 Petitioners' purchase of a new residence in 1975 qualified for the new principal residence credit provided by sec. 44, I.R.C. 1954. Petitioners lost possession of the residence in June of 1977 when they were unable to make the mortgage payments. They failed to replace it with a new residence within 18 months. Held, the credit claimed in 1975 must be recaptured in 1978 despite the fact that the disposition produced a loss. David Allen Raker, pro se. Donna *186 J. Rice, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By notice of deficiency dated March 4, 1981 respondent determined a deficiency of $1,126 in petitioners' Federal income tax for the taxable year 1978. The sole issue for decision is whether petitioners must recapture on their 1978 Federal income tax return the $1,126 new residence credit claimed on their joint income tax return in 1975. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners David Allen Raker and his wife, Harriet Lee Raker, resided in Auburn, California at the time of filing the petition herein. They filed a joint Federal income tax return for 1978 with the Director, Internal Revenue Service Center, Fresno, California. On November 11, 1975 petitioners purchased a new principal residence located at 12021 Helmock, Auburn, California. This purchase qualified for the new principal residence credit provided by section 44, I.R.C. 1954. They claimed such credit in the amount of $1,126 on their joint Federal income tax *187 return for the taxable year 1975. Subsequent to purchasing the new residence, Mr. Raker, who is a carpenter, experienced difficulties finding employment. Petitioners were thus unable to make the payments on their new residence with the result that they were forced to sell it around June of 1977. As of approximately December of 1978 petitioners had not purchased a second new residence. In his notice of deficiency, respondent determined that petitioners were required to recapture in 1978 the $1,126 claimed as a new residence credit on their 1975 Federal income tax return. OPINION Section 44(a) allows a credit of 5 percent of the purchase price up to a maximum of $2,000 for a new principal residence acquired or constructed prior to certain dates not relevant herein. This credit is subject to recapture under section 44(d)(1) if the taxpayer disposes of the new principal residence for which the credit was claimed at any time within 36 months after the date on which he acquired it. However, section 44(d)(2) and (3) provides that in certain cases the recapture of the credit will be waived. Basically, recapture can be avoided if either the taxpayer replaces the sold residence *188 with a second principal residence within 18 months, or if the disposition is due to either (1) the death of the owner, (2) the residence being partially or totally destroyed by a casualty described in section 165(c)(3), (3) an involuntary conversion within the meaning of section 1033(a), or (4) a settlement in a divorce or legal separation. It is stipulated that petitioners did not replace their principal residence with a new residence within the prescribed 18-month period. It is further stipulated that petitioners' sale of their principal residence in June of 1977 was not necessitated by death, compulsory or involuntary conversion, divorce settlement, or destruction by fire, storm or other casualty. Petitioners contend that the recapture of the credit should be waived since they lost money on the forced sale. According to Mr. Raker's testimony, someone simply took over the payments on their residence and there were no proceeds from the sale to be reinvested. Although we can sympathize with petitioners' position, the statute in this case is clear. Invocation of the recapture provisions has no relationship to the receipt of gain on the disposition of the property with respect *189 to which the credit was allowed. Petitioners' circumstances fail to satisfy any of the exceptions to recapture under section 44(d)(3), and petitioners failed to replace their principal residence within the 18-month period prescribed by section 44(d)(2). Accordingly, Decision will be entered for the respondent.